## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION AT CLEVELAND

| | |
|---|---|
| **LORI FERGUSON-LUKE,**<br>**Individually and on behalf of all other**<br>**Ohio residents similarly situated,**<br>812 Bluffview Drive<br>Columbus, Ohio 43235<br><br>       Plaintiff,<br><br>  **Vs.**<br><br>**ALLSTATE PROPERTY &**<br>**CASUALTY INSURANCE**<br>**COMPANY,**<br>c/o CT Corporation System<br>1300 E 9th Street, Ste. 1010<br>Cleveland, Ohio 44114<br><br>      Defendant. | CASE NO.:  1:20-cv-807<br><br><br>JUDGE:<br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff Lori Ferguson-Luke, on her own behalf and on behalf of all other Ohio residents similarly situated, for her class action complaint against Allstate Property & Casualty Insurance Company states:

1. Defendant Allstate Property & Casualty Insurance Company ("Allstate" or "Defendant") is a subsidiary of The Allstate Corporation ("Allstate Corporation"), a publicly traded company that owns and controls Defendant.

2. Defendant is, or at a point in time relevant to this case was, licensed to sell property and casualty insurance in the State of Ohio.

3. Defendant maintains numerous offices in Ohio for the conduct of its usual and customary business, including the sale of insurance policies.

1

**PARTIES**

4.  Plaintiff is a resident and citizen of the State of Ohio.

5.  Defendant Allstate is organized under the laws of the State of Illinois and headquartered in Northbrook, Illinois.  Allstate is authorized to sell property insurance policies in the State of Ohio and is engaged in the insurance business in the State of Ohio, including Cuyahoga County.

**JURISDICTION AND VENUE**

6.  Subject matter jurisdiction is proper in this Court pursuant to 28 U.S.C. §1332(d)(2). There are more than 100 members in the proposed class, at least one member of the proposed class has state citizenship that is different than Defendant's, and the matter in controversy exceeds $5,000,000, exclusive of interest and costs.

7.  This Court has personal jurisdiction over Defendant as Defendant has sufficient minimum contacts with the state of Ohio, is authorized to do business in Ohio and has availed itself of the privilege of conducting business in the State of Ohio.

8.  Venue is proper in this forum pursuant to 28 U.S.C. §1391(b) because Defendant has its agent for service of process in this District, for conducting business in this state, including the conduct alleged in this complaint.  Venue is also proper pursuant to 28 U.S.C. §1391(c) because Defendant is a corporation deemed to reside in this District.

**THE WRONGFUL CONDUCT**

9.  This case involves systematic adjusting practices used by Defendant to understate, and under-pay, the actual cash value of property damage suffered by its insureds, thereby denying its insureds (including Ferguson-Luke) the full amount of indemnity to which they are entitled.

2

10. Defendant routinely understates actual cash value by depreciating the labor component of repair costs, instead of only the physical item that is subject to wear, tear, and obsolescence, and also by depreciating contractor overhead and profit even though those items are not subject to wear, tear, and obsolescence.

11. The residential home owned by Ferguson-Luke ("the Home"), suffered substantial damage on or about February 24, 2019.

12. At the time of the loss the Home was insured by Allstate policy no. 000980566809 underwritten by Defendant. A copy of the insurance policy is attached as Exhibit 1.

13. The policy included, among other coverages, indemnity coverage for physical damage to the Home caused by perils other than those specifically excluded under the policy.

14. Ferguson-Luke submitted a claim to Allstate and requested payment for the damage to the Home.

15. Defendant confirmed that the Home had sustained damage due to a covered peril and that it has an obligation and duty to pay Ferguson-Luke for the repair or replacement of the damaged portions of the Home pursuant to the terms of her insurance policy.

16. Allstate appointed an adjuster to adjust Ferguson-Luke's claim in accordance with Defendant's adjusting policies and procedures, and that adjuster inspected the damage to the Home for purposes of preparing an estimate of the cost to repair or replace the damaged property.

17. The adjuster submitted a final estimate for repair of the damage to the Home, a copy of which is attached hereto as Exhibit 2.

18. The adjuster's estimate found that Ferguson-Luke had suffered loss and damage to the Home in the amount of $17,705.17.

19. The repair costs estimated by the adjuster included costs for material and labor to repair the Home, and sales tax on materials.

20. Defendant's policy contains no definition of actual cash value ("ACV"), but nonetheless provides that Defendant will only pay this ACV of a loss to the insured until the repair or replacement of the damaged property is actually completed.

21. Defendant's estimate provided to Ferguson-Luke calculated ACV as repair or replacement cost of the damaged part of the property less depreciation.

22. Defendant's policy contains no definition of depreciation.

23. In the context of insurance law depreciation is defined as "[a] decline in an asset's value because of use, wear, obsolescence, or age." Black's Law Dictionary 506 (9th ed. 2009).

24. In calculating ACV Defendant reduced the amount it would pay Ferguson-Luke by $3,634.36 for depreciation.

25. Defendant made a Net ACV payment of $13,570.81 to Ferguson-Luke, and Ferguson-Luke received no further payments from Defendant.

26. In making its ACV calculation, Defendant depreciated the labor required to repair the Home; but unlike a physical "asset," labor does not depreciate in value over time.

27. The Ohio Department of Insurance has indicated that it is inappropriate and contrary to industry practice to depreciate labor.

28. Defendant's depreciation of labor costs associated with repairing the Home resulted in Ferguson-Luke receiving an ACV payment in an amount less than she was contractually entitled to under the insurance policy.

4

29. Defendant breached its obligations under its policies, to Plaintiff and/or the class members, by improperly depreciating the cost of labor and contractor overhead and profit.

30. As a direct and proximate result, Ferguson-Luke has suffered damage in an amount greater than $100.00.

**COUNT I**
**BREACH OF CONTRACT**

31. Ferguson-Luke restates and incorporates by reference all preceding allegations.

32. By depreciating labor in the calculation of Ferguson-Luke's ACV payment, Defendant breached its obligations to Ferguson-Luke under the insurance policy.

33. Plaintiff and all plaintiff class members satisfied or discharged all conditions precedent to Defendant's obligations under the contract.

34. As a direct and proximate result of Defendant's breach of its obligations under the policy, Ferguson-Luke and the class members have received payment for their losses in amounts less than they were entitled to under their homeowners' insurance policies.

35. Defendant's practice of depreciating labor and/or contractor overhead and profit in the calculation of ACV payments made in connection with property damage claims under Defendant's homeowners' policies in Ohio is a breach of Defendant's obligations under those policies.

**CLASS ACTION ALLEGATIONS**

36. Ferguson-Luke seeks to represent a class defined as follows:

All Allstate policyholders under any property policies issued by Allstate who made: (1) a structural damage claim for property located in the State of Ohio; and (2) which resulted in an actual cash value payment from which "non-material depreciation" was withheld from the policyholder; or which should have resulted in an actual cash value payment but

5

for the withholding of "non-material depreciation" causing the loss to drop below the applicable deductible.

    a.  In this definition, "non-material depreciation" means application of either the "depreciate removal," "depreciate non-material" and/or "depreciate O&P" option settings within Xactimate software.

    b.  The class period for the proposed class is the maximum time period as allowed by applicable law. The class period includes all claims tolled by the filing of *Perry v. Allstate Indemnity Company, et al.,* Case No. 1:16-01522 (N.D. Ohio).

    c.  The class excludes all claims arising under policy forms expressly permitting the "depreciation" of "labor" within the text of the policy form and any claims in which the initial actual cash value payment exhausted the applicable limits of insurance.

    d.  Excluded from the Class are: (1) all persons or entities that received payment from Defendant in the full amount of insurance shown on the declarations page or that otherwise received payment of the withheld depreciation; (2) Defendant and its affiliates, officers or directors; (3) members of the judiciary and their staff to whom this action is assigned; and (4) Plaintiff's counsel.

37. The relatively small amounts of damage suffered by each class member make filing separate suits by each class member economically unfeasible.

38. Ferguson-Luke is similarly situated to the members of the class, and will fairly and adequately represent all members of the class.

39. Ferguson-Luke has no relationship with Defendant other than as an adverse party in this case.

40. Plaintiff Ferguson-Luke's claim is typical of the class claims.

41. Common questions of law and fact apply to Ferguson-Luke's claims and the claims for the class, and those common questions predominate over individualized questions.

42. These common questions that are amenable to class wide resolution include:

    a.  Whether Defendant's policy language allows Defendant to depreciate labor costs and contractor overhead and profit in the calculation of ACV payments;

    b. Whether Defendant's depreciation of labor costs and contractor overhead and profit in calculation of ACV payments breaches the insurance policy;

    c. Whether the term "actual cash value" as used in the Defendant homeowners insurance policy is ambiguous and susceptible to more than one reasonable interpretation, including an interpretation that permits depreciation of material only and not labor and contractor overhead and profit;

    d. Whether Defendant has a custom and practice of depreciating labor costs and contractor overhead and profit in the calculation of ACV payments; and,

    e. Whether Ferguson-Luke and the putative class have suffered damage as a result of Defendant's depreciation of labor costs and/or contractor overhead and profit in calculation of ACV payments.

43. Proposed counsel for the proposed class, James A. DeRoche and Patrick J. Perotti are knowledgeable and experienced in class and insurance litigation and will fairly and adequately represent the interests of the proposed class.

44. The questions of law and fact common to members of the proposed class predominate over any individual questions of law or fact affecting any member of the class and a class action is superior to other available methods for the fair and efficient resolution of this controversy.

45. No unusual difficulties are anticipated in the management of this case as a class action.

46. The proposed class consists of more than 40 individuals.

## DEMAND FOR JUDGMENT

Plaintiff Lori Ferguson-Luke, both individually and on behalf of each member of the proposed class, requests that the Court grant the following relief:

    a. Enter an order, pursuant to Rule 23 of the Federal Rules of Civil Procedure, certifying this action as a class action for a class defined as set forth in paragraph 36;

b.  Enter an order appointing James A. DeRoche and Patrick J. Perotti as counsel for the plaintiff class, and appointing Plaintiff Ferguson-Luke as the representative Plaintiff for the class;

c.  Enter judgment in favor of plaintiff and the plaintiff class for their actual damages, being the amount that Defendant reduced actual cash value payments to each class member by depreciating the cost of labor and/or contractor overhead and profit;

d.  Award Ferguson-Luke and the plaintiff class all expenses of this action, and requiring Defendant to pay the costs and expenses of class notice and claim administration; and

e.  Award such other or further relief in law or equity in favor of plaintiff and the plaintiff class and against Defendants as the Court finds just and appropriate.

*/s/ James A. DeRoche*_____
James A. DeRoche, Esq. (#0055613)
**GARSON JOHNSON LLC**
1600 Midland Building
101 West Prospect Avenue
Cleveland, Ohio 44115
Phone: (216) 696-9330
Fax: (216) 696-8558
Email: jderoche@garson.com

Patrick J. Perotti, Esq. (#0005481)
**DWORKEN & BERNSTEIN CO.,
L.P.A.**
60 South Park Place
Painesville, Ohio 44077
Phone: (440) 352-3391
Fax: (440) 352-3469
Email: pperotti@dworkenlaw.com

*Counsel for Plaintiff*