# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ANDREA PERRY, NING XU, LORI FERGUSON, JASON BROWN, GABRIEL LADO, JOSEPHINE MANIACI, BRYON SMITH, and BRYAN MISKOVCH, individually and on behalf all others similarly situated,<br><br>**Plaintiffs,**<br><br>vs.<br><br>ALLSTATE INDEMNITY COMPANY, ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, ALLSTATE INSURANCE COMPANY, and ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY<br><br>**Defendants.** | CASE NO. 1:16-cv-01522; 1:20-cv-613; 1:20-cv-807; 1:20-cv-1417<br><br>**JUDGE CHRISTOPHER A. BOYKO** |

## FINAL JUDGMENT ORDER

Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch (collectively, the "Representative Plaintiffs") individually and on behalf of the Settlement Class and Defendants Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Insurance Company, and Allstate Property and Casualty Insurance Company (collectively, the "Defendants") agreed to settle this Action pursuant to the terms and conditions set forth in the Class Action Stipulation of Settlement Agreement ("Settlement Agreement"). On March 2, 2023, the Court granted preliminary approval of the proposed class action settlement set forth in the Settlement Agreement and provisionally

certified the Settlement Class for settlement purposes only, and on July 25, 2023, the Court held a duly noticed final approval hearing.

Before the Court is Plaintiffs' Motion for Final Approval of Class Settlement and Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Awards (collectively, the Memoranda").

At the Final Approval Hearing, the Court considered, among other matters described herein: (a) whether certification of the Settlement Class for settlement purposes only was appropriate under Rule 23; (b) the fairness, reasonableness, and the adequacy of the Settlement Agreement; and (c) the fairness and reasonableness of Class Counsel's Motion for Attorneys' Fees and Litigation Costs and Request for Service Award. The Court independently evaluated not only the pleadings, evidence, and arguments of Class Counsel and Defendants' Counsel, but also rigorously and independently evaluated the Settlement Agreement and the Memoranda, and as such, the Court considered any arguments that could reasonably be made against approval of the Proposed Settlement, even if such argument was not actually presented to the Court by objection, pleading, or oral argument. IT IS ORDERED, ADJUDGED and DECREED that:

1. The terms and conditions of the Settlement Agreement are incorporated as though fully set forth in this Final Judgment Order, and unless otherwise indicated, capitalized terms in this Final Judgment Order shall have the meanings attributed to them in the Settlement Agreement.

2. The Court has personal jurisdiction over the Representative Plaintiffs, the Defendants, and Class Members. Venue is proper and the Court has subject matter jurisdiction to approve the Settlement Agreement including all exhibits thereto, and the Court has jurisdiction to enter this Final Judgment Order. Without in any way affecting the finality of this Final Judgment Order, the Court retains jurisdiction as to all matters relating to administration, consummation,

enforcement, construction, implementation, and interpretation of the Settlement Agreement, to enter this Final Judgment Order, and dismiss this Action on the merits and with prejudice.

3. After arms-length negotiations between experienced counsel who were fully informed of the facts and circumstances of this Action and of the strengths and weaknesses of their respective positions, the Parties reached a settlement that provides substantial benefits to the Settlement Class, in return for a release and dismissal of claims against Allstate.[1] The Settlement was reached after the Parties had engaged in extensive and lengthy settlement negotiation sessions, including a mediation before mediator Carl Stich, and in accordance with the highest ethical standards for class action settlement negotiations, settlement relief to the class members was agreed to prior to negotiations concerning any potential award of attorneys' fees, litigation expenses, or service award. Counsel for the Parties were, therefore, well positioned to evaluate the benefits of the Settlement, considering the risks and uncertainties of continued litigation, the time and expense that would be necessary to prosecute the Action through class certification, trial, and any appeals that might be taken, and the likelihood of success.

4. The Court is of the opinion that the Proposed Settlement was entered into in good faith, it is a fair, reasonable, and adequate compromise of the claims against Allstate, and the prerequisites for a class action under Rule 23 have been satisfied, for settlement purposes, in that: (a) the number of Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class, which common questions

---

[1] As defined in the Settlement Agreement, "Allstate" means Allstate Indemnity Company, Allstate Insurance Company, Allstate Property and Casualty Insurance Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, North Light Specialty Insurance Company, Encompass Insurance Company, Encompass Indemnity Company, Encompass Property and Casualty Company, Encompass Insurance Company of America, Encompass Home and Auto Insurance Company, and Esurance Insurance Company.

predominate over any questions affecting only individual members; (c) the Representative Plaintiffs and Class Counsel have, and will continue to, fairly and adequately represent the interests of the Settlement Class for purposes of the Settlement; and (d) a class action is the superior method for the fair and efficient adjudication of the controversy. Plaintiffs' Motion for Final Approval is **GRANTED** and all provisions and terms of the Settlement Agreement are finally approved in all respects. Accordingly, and pursuant to Rule 23, this Court finally certifies the Settlement Class, defined as

> a. All policyholders, (except for those explicitly excluded below), under any property insurance policy issued by Allstate, who made: (i) a Structural Loss claim for property located in the State of Ohio between May 16, 2015 through June 30, 2021; and (ii) that resulted in an ACV Payment from which Nonmaterial Depreciation was withheld.
>
> b. Excluded from the Settlement Class are:
>
> Policyholders whose claims arose under policy forms, endorsements, or riders expressly permitting the Nonmaterial Depreciation within the text of the policy form, endorsement or rider, *i.e.*, by express use of the words "depreciation" and "labor."
>
> Policyholders who received one or more payments for a claim that exhausted the applicable limits of insurance;
>
> Policyholders whose claims were denied or abandoned without an ACV payment for any reason;
>
> Allstate and its officers and directors;
>
> Members of the judiciary and their staff to whom this Action is assigned and their immediate families; and,
>
> Class counsel and their immediate families.

5. Pursuant Rule 23(g) the Court appoints Erik D. Peterson of Erik Peterson Law Offices, PSC; Stephen G. Whetstone of Whetstone Legal, LLC; James A. DeRoche of Garson Johnson LLC; and Patrick J. Perotti of Dworken & Bernstein Co., LPA as Class Counsel for the Settlement Class.

6. Pursuant to Rule 23(a) the Court appoints Plaintiffs Andrea Perry, Ning Xu, Lori Ferguson, Jason Brown, Gabriel Lado, Josephine Maniaci, Bryon Smith, and Bryan Miskovch as the Representative Plaintiffs for the Settlement Class.

7. The Court makes the following findings with respect to Class Notice to the Settlement Class:

   a. Class Counsel has filed with the Court a declaration from the Administrator establishing that the Class Notice and Claim Form were mailed to Class Members on May 11, 2023, the settlement website was established on May 11, 2023, and the toll-free number was available beginning May 11, 2023.

   b. The Court finds that the Class Notice, Postcard Notice, the establishment of a toll-free, number, and the settlement website, all as provided for in the Settlement Agreement and the Preliminary Approval Order: (i) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the Settlement, their right to object or to exclude themselves from the Settlement, and their right to appear at the Final Approval Hearing; (ii) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; and (iii) complied fully with all legal requirements, including the requirements of Rule 23, the Due Process Clause of the United States Constitution, and any other applicable rules or law.

8. The Court further finds that all notices concerning the Settlement required by the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1715, *et seq.*, have been sent and that Defendant has fully complied with such notice requirements. Defendants have complied with all notice obligations in connection with the proposed Settlement.

9. The Settlement provides substantial monetary benefits to Class Members who timely submit completed a Claim Form(s). In addition, Defendants have agreed to fund the costs of notice and settlement administration. The claims procedure established under the Settlement Agreement is uniform and fair and provides Class Members with an extended and ample opportunity to receive settlement payments as described in the Settlement Agreement.

5

10. Claim Settlement Payments to Class Members who timely file a completed Claim Form shall be made in the amounts, within the time period, and in the manner described in the Settlement Agreement.

11. All potential Class Members were provided an opportunity to request exclusion as described in the Settlement Agreement and on the settlement website. The Court finds that the individual interests of the persons who timely sought exclusion from the Settlement Class are preserved and that no Class Member was precluded from being excluded from the Settlement Class if he or she so desired. Those Class Members who timely and properly excluded themselves from the Settlement Class are identified in the attached Exhibit 1.

12. No objections to the Settlement were filed.

13. The relative lack of exclusion requests and opposition by a well-noticed Settlement Class strongly supports the fairness, reasonableness, and adequacy of the Settlement.

14. Class Members, who did not timely file and serve an objection in writing in accordance with the procedure set forth in the Settlement Agreement and mandated in the Preliminary Approval Order, are deemed to have waived any such objection through any appeal, collateral attack, or otherwise.

15. Upon the entry of this Final Judgment Order, the Representative Plaintiffs, all Class Members who did not timely and properly exclude themselves from the Settlement Class, and all of their heirs, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and anyone claiming through them or acting or purporting to act for them or on their behalf, will be bound by this Final Judgment Order and shall be conclusively deemed to have fully released, acquitted, and forever discharged, to the fullest extent permitted by law, any and all of the Released Persons from all of the Released Claims, all as defined herein and in the

Settlement Agreement, and shall be conclusively bound by this Final Judgment Order under the doctrines of res judicata, collateral estoppel, and claim and issue preclusion, and agree not to sue any Released Person with respect to any Released Claims.  The Representative Plaintiffs and all Class Members who did not timely and properly exclude themselves from the Settlement Class shall be deemed to agree and acknowledge that the foregoing releases were bargained for and are a material part of the Settlement Agreement.  The Settlement Agreement shall be the exclusive remedy for all Class Members with regards to Released Claims.

16. Although the definitions in the Settlement Agreement are incorporated in, and are a part of this Final Judgment Order, the following definitions from the Settlement Agreement are repeated for ease of reference.

> i. "Released Claims" means and includes any and all claims, Unknown Claims, rights, demands, actions, causes of action, allegations, suits, debts, sums of money, payments, obligations, reckonings, promises, damages, interest, penalties, attorneys' fees and costs, liens, and judgments, of any kind whatsoever that each Releasing Person has or may have had prior to the Effective Date and arising from a loss during the Class Period, whether *ex contractu* or *ex delicto*, debts, liens, contracts, liabilities, agreements, attorneys' fees, costs, penalties, interest, expenses, or losses (including actual, consequential, statutory, extra-contractual, punitive, and/or exemplary damages), and whether arising under or based on contract, extra-contractual or tort theories, at law or in equity, or under federal, state, or local law, statute, ordinance, rule or regulation, whether asserted individually or in a representative capacity, whether past or present, mature or not yet mature, known or unknown, that the Plaintiffs or any Class Members have or may have had against any of the Released Persons that relate to, concern, arise from, or pertain in any way to: (i) Nonmaterial Depreciation (including, but not limited to, calculation, deduction, determination, inclusion, modification, omission, and/or withholding of Nonmaterial Depreciation) in the adjustment and/or payment of any Covered Loss; or (ii) the allegations and claims contained in the Action or which could have been alleged in the Action concerning the alleged systematic practice of deducting Nonmaterial Depreciation through claims estimating software.
>
> Released Claims do not include:  (a) claims arising after the date of Preliminary Approval; (b) Class Members' rights and obligations under the Settlement Agreement; and (c) the rights of potential Class Members who timely and properly submit a request for exclusion from the Settlement Class in accordance

7

        with this Agreement; and (d) any Class Member from recovering any replacement cost benefits (exclusive of Nonmaterial Depreciation addressed in Sections 9.1.1 and 9.1.2 of the Settlement Agreement) that may still remain available under the terms of his or her policy.

    ii.    "Released Persons" means (i) Allstate and all its past and present divisions, parent entities, associated entities, affiliates, partners, and subsidiaries; and (ii) all past and present officers, directors, shareholders, agents, attorneys, employees, stockholders, successors, assigns, independent contractors, and legal representatives of the entities set forth in (i).

    iii.    "Releasing Persons" mean Plaintiffs and all Class Members who do not properly and timely opt out of the Settlement Class, and their respective spouses or domestic partners, family members, executors, representatives, administrators, guardians, wards, heirs, attorneys, estates, bankruptcy estates, bankruptcy trustees, successors, predecessors, agents, and assigns, and all those who claim through them or who assert claims (or could assert claims) on their behalf.

17.    The Representative Plaintiffs and Class Counsel have represented and warranted that there are no outstanding liens or claims against the Action and have acknowledged that the Representative Plaintiffs and Class Counsel will be solely responsible for satisfying any liens or claims asserted against the Action.

18.    This Final Judgment Order, the Settlement Agreement, the negotiations leading to the Settlement, the proceedings relating to the Settlement, administration of the Settlement, and any pleadings, motions, or other document related in any way to the Settlement Agreement shall not be:

    a.    Construed as an admission or concession by Allstate of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing of any kind on the part of Allstate;

    b.    Offered into evidence in this Action, or in any other proceeding, in support of, or in opposition to any potential motion to certify or decertify; and

    c.    Used in any way as precedent for any purportedly similar matter.

19. Nothing in the foregoing paragraph, however, shall prohibit the offering or receipt of the Settlement Agreement into evidence for purposes of enforcing the Settlement or to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion.

20. Confidential Information of Allstate shall be protected from disclosure and handled in accordance with the terms of the Settlement Agreement, and Class Counsel and any other attorneys for Plaintiffs in this Action shall destroy or return to Defendants' Counsel all Confidential Information, in their possession, custody, or control as set forth in the Settlement Agreement.

21. Pursuant Rule 23, Class Counsel's motion concerning attorneys' fees, litigation costs, and a service award is **GRANTED**. The Court awards Class Counsel attorneys' fees and reasonable litigation expenses in the total amount of $5,000,000, payable by the Defendants pursuant to the terms of the Settlement Agreement. The Court also awards service awards in the amount of $7,500 to each of the Representative Plaintiffs payable by the Defendants pursuant to the terms of the Settlement Agreement. Allstate shall not be responsible for and shall not be liable with respect to the allocation among Class Counsel or any other person who may assert a claim thereto of attorneys' fees and expenses awarded by the Court.

22. The Court appoints the Honorable Magistrate Judge Stephen C. Williams (Ret.) as the Neutral Evaluator to carry out the duties and responsibilities set forth in the Settlement Agreement. Plaintiffs, Class Counsel, Allstate, and Defendants' Counsel shall not be liable for any act or omission of the Neutral Evaluator.

23. If the Effective Date does not occur, this Final Judgment Order shall automatically be rendered null and void and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void.

24. In order to protect the continuing jurisdiction of the Court and to protect and effectuate this Final Judgment Order, the Court permanently and forever bars and enjoins the Representative Plaintiffs and all Class Members, and anyone acting or purporting to act on their behalf, from instituting, maintaining, prosecuting, suing, asserting or cooperating in any action or proceeding, whether new or existing, against any of the Released Persons for any of the Released Claims.  Any person in contempt of the injunction under this paragraph may be subject to sanctions, including payment of reasonable attorneys' fees incurred to seek enforcement of the injunction.

25. Within 10 days after the Effective Date, the Representative Plaintiffs and Class Members shall dismiss, with prejudice, all Released Claims asserted in any actions or proceedings that have been brought by or involve any Class Member in any jurisdiction.

26. The Action is dismissed in its entirety on the merits, with prejudice, without leave to amend, and without fees or costs to any party, except as otherwise provided herein.

27. The Parties are directed to implement and consummate the Settlement, according to the terms and provisions of the Settlement Agreement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

28. The Court enters Final Judgment, as described herein, and expressly determines that there is no just reason for delay.

So Ordered: <u>Christopher A. Boyko</u>        Date:  <u>July 25, 2023</u>
       Hon. Christopher A. Boyko